**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 97-4272

THOMAS BROCK FREDERICK,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-96-59-R)

Submitted: February 17, 1998

Decided: March 16, 1998

Before ERVIN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William P. Robinson, Jr., ROBINSON, SHELTON & ANDERSON,
Norfolk, Virginia, for Appellant. Robert P. Crouch, Jr., United States
Attorney, Anthony P. Giorno, Assistant United States Attorney, Roa-
noke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Brock Frederick pled guilty to conspiracy to possess with intent to distribute cocaine, MDMA (ecstacy), lysergic acid diethylamide (LSD), and methamphetamine in violation of 21 U.S.C. § 846 (1994). He appeals his sentence of eighty months imprisonment, contending that the government breached the plea agreement by refusing to move for a downward departure for substantial assistance under USSG § 5K1.1, p.s.* Finding that the government did not breach the agreement, we affirm Frederick's sentence.

Frederick's written plea agreement did not mention substantial assistance. However, at the Fed. R. Crim. P. 11 hearing, his attorney and the government informed the district court that they had reached an oral agreement "that in the event [Frederick] does provide substantial assistance, and [the government] agrees, that the government will . . . take the appropriate position." The district court asked Frederick if he understood that it would be "the government's call as to whether the motion will be made" and further stressed that "it's strictly in their hands to make that motion." Frederick said he understood.

At the sentencing hearing, the government declined to move for a substantial assistance departure and introduced evidence from two federal agents concerning the nature and quality of Frederick's assistance. Frederick also testified. His attorney then acknowledged that the government had total discretion to decide whether to move for a departure. He asked for a sentence at the low end of the guideline range. The court commented that Frederick "did something that could have matured into substantial assistance. It didn't mature into substantial assistance. That seems to be the end of the matter."

_____

*U.S. Sentencing Guidelines Manual (1995).

2

On appeal, Frederick argues that he provided substantial assistance to the government and was entitled to a departure motion. However, under <u>Wade v. United States</u>, 504 U.S. 181, 186 (1992), a sentencing court may consider a departure for substantial assistance without a government motion only if the defendant first makes a substantial threshold showing that the government's refusal to make the motion results from a breach of the plea agreement or from an unconstitutional motive. Our review of the record below discloses that the oral agreement gave the government full discretion to determine whether Frederick's assistance had been substantial. Therefore, the government's decision not to move for a departure did not breach the agreement. Frederick has not alleged any unconstitutional motive.

Accordingly, we affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>